UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VON Y.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 3:23-CV-5226-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

**I. BACKGROUND**

Plaintiff applied for SSI and DIB on January 23, 2017, alleging disability since May 15, 2016. AR 540. In January 2019, ALJ Allen Erickson held a hearing at which Plaintiff was

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

represented and testified. AR 65–113. ALJ Erickson issued a decision finding Plaintiff not disabled in February 2019. AR 13–30. This Court reversed that decision in May 2021. AR 628–41. On remand, ALJ David Johnson held a hearing on November 6, 2023. AR 571–87. On November 23, 2023, he issued a decision finding Plaintiff not disabled between her alleged onset date and her fifty-fifth birthday in March 2020. AR 537–70. Plaintiff did not file exceptions with the Appeals Council, making the ALJ's decision the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Plaintiff filed a Complaint in this Court on April 11, 2024. Dkt. 7.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

A.  **Plaintiff's Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of her subjective symptom testimony. *See* Dkt. 15 at 10–15. Plaintiff testified that a forklift accident caused painful bruising throughout her chest and leg (AR 89–90) and that, after another injury she experienced in 2018, she had significant difficulties standing up and putting weight on her left leg (AR 91, 577). She experiences pain every day (AR 91), including pain in her neck, legs, and back several days per week (AR 578). She testified she has blurry vision when looking afar (AR 102–03). She also testified she cannot read or write English and had difficulties speaking and understanding it (AR 73, 82).

The ALJ was required to give "specific, clear, and convincing reasons" for rejecting Plaintiff's testimony about the severity of her symptoms.[1] *Garrison v. Colvin*, 759 F.3d 995, 1014–19 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In so doing, "[t]he ALJ must state specifically which symptom testimony is not credible and which facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284.

Defendant argues the ALJ met this standard by considering (1) the objective medical evidence, (2) Plaintiff's treatment history, (3) Plaintiff's activities of daily living, and (4) several inconsistent statements in the record. *See* Dkt. 17 at 3–8. The Court finds the ALJ did not provide specific, clear, and convincing reasons supported by substantial evidence.

First, Defendant argues the ALJ adequately discounted Plaintiff's testimony based on inconsistencies with the medical evidence. Dkt. 17 at 8–9. For the most part, however, the ALJ simply summarized the objective medical evidence and asserted it was inconsistent with Plaintiff's testimony. *See* AR 547–51. The ALJ therefore erred by failing to:

> [S]pecifically identify any such inconsistencies; [he] simply stated [his] non-credibility conclusion and then summarized the medical evidence supporting [his] RFC determination. This is not the sort of explanation or the kind of "specific reasons" we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited.

*Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015); *see also Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that we may not take a general finding . . .

---

[1] This standard applies where there is no evidence of malingering and the ALJ has found Plaintiff has presented evidence of a combination of medically determinable impairments that could reasonably be expected to produce the alleged symptoms. *Garrison*, 759 F.3d at 1014–19 (citing *Smolen*, 80 F.3d at 1281). Defendant does not contend there is evidence of malingering that would justify the application of a different standard. *See* Dkt. 17 at 3. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 547. To the extent the ALJ intended to find that some of the alleged symptoms were not reasonably expected to be caused by Plaintiff's impairments, he must have made specific findings with respect to those symptoms and "set forth the reasoning behind [his] decision[] in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

and comb the administrative record to find specific conflicts.").

However, the ALJ did adequately explain why Plaintiff's testimony about her visual difficulties was inconsistent with the medical evidence. The ALJ summarized the Plaintiff's history of visual tests, finding Plaintiff's vision was mostly normal with correction, except for a single test showing abnormally poor vision, which the examining doctor said was inexplicably worse than a vision test administered two weeks prior and "indicated that he was mildly suspicious of malingering." AR 551. The ALJ reasonably concluded from this evidence that "the claimant's vision complaints were not as severe as alleged." *Id.* But this was not a specific reason for discounting the other subjective complaints proffered by Plaintiff. *See Smolen*, 80 F.3d at 1284.

Second, Defendant argues the ALJ found Plaintiff's lack of treatment undermined her complaints and that her musculoskeletal complaints improved with treatment. Dkt. 17 at 5–6. The ALJ noted Plaintiff did not pursue treatment for her conditions until eight months after the alleged onset date and failed to consistently discuss her worsening vision with providers. *See* AR 547, 551–52. However, the ALJ failed to inquire about potential reasons Plaintiff had for failing to seek such treatment, as he must do before discounting her complaints on this basis. *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("We will not find an individual's symptoms inconsistent with the evidence in the record on [the basis of failing to seek treatment] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."); *Eitner v. Saul*, 835 Fed. App'x 932, 933 (9th Cir. 2021) (unpublished) (finding the ALJ failed to consider possible reasons a claimant failed to seek treatment where "the ALJ asked Claimant whether he had received any specific treatment for the condition, but the inquiry ended there"); *William B. v.*

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

1  *Comm'r of Soc. Sec.*, No. 3:23-cv-5684-TLF, 2024 WL 2076837 at *5 (W.D. Wash. May 7,
2  2024) ("SSR 16-3p requires the ALJ to inquire about whether an explanation exists for a lack of
3  treatment before discounting a claimant's testimony on that basis[.]").
4        The ALJ also noted that "the claimant experienced a good reduction in her pain" after
5  some treatment measures (AR 543) and that "injections improved her [knee] symptoms
6  significantly, but the knee pain was not entirely relieved" (AR 555). However, "some
7  improvement" in a person's symptoms "does not mean that the person's impairments no longer
8  seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195,
9  1205 (9th Cir. 2001).
10       Third, the ALJ found Plaintiff "reported engaging in activities that are consistent with the
11 ability to perform light work," like caring for her grandchildren, cleaning, cooking, shopping,
12 and walking up to a mile. AR 552. These activities may be "consistent" with the RFC, but that
13 alone is not enough to discount Plaintiff's subjective testimony—the ALJ must explain how the
14 activities are inconsistent with Plaintiff's allegations. *See Burrell*, 775 F.3d at 1138. The ALJ did
15 not explain, nor can the Court discern, how the activities identified were inconsistent with
16 Plaintiff's testimony. Additionally, Plaintiff testified she often performed many of her activities
17 of daily living with the help of a friend (AR 101–02) and the ALJ failed to acknowledge this
18 evidence, undermining his conclusion that these activities were consistent with the ability to
19 perform light work.
20       Finally, Defendant points to a few inconsistent statements that purportedly undermined
21 Plaintiff's reliability. *See* Dkt. 17 at 3–4. Defendant points to inconsistencies in her reported
22 visual problems (*id.*), but the Court cannot discern nor did the ALJ explain how such
23 inconsistencies specifically undermined Plaintiff's non-visual complaints. *See Smolen*, 80 F.3d at
24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

1284. Defendant contends there was an inconsistency between Plaintiff's work as a card dealer at a casino and her testimony that she cannot speak or understand English well. *See* Dkt. 17 at 4. The ALJ did not rely upon such an inconsistency in discounting Plaintiff's testimony. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e are constrained to review the reasons the ALJ asserts."). Even so, Plaintiff testified she had to speak "basic English" while working as a card dealer (AR 80–81), but there is no indication this required extensive speaking or understanding.

The ALJ also pointed out that Plaintiff made inconsistent statements on two function reports about her ability to manage money. AR 552 (citing AR 312, 338). An ALJ can consider "prior inconsistent statements" in rejecting a claimant's testimony. *Smolen*, 80 F.3d at 1284. But a single inconsistent statement on a matter not relevant to a claimant's subjective testimony is not by itself sufficient to support the ALJ's decision. *See Schow v. Astrue*, 272 F. App'x 647, 652–53 (9th Cir. 2008) (unpublished) (unreported earnings were "proper for consideration, but hardly compel[led] the adverse credibility finding" by themselves).

In sum, the ALJ failed to give specific, clear, and convincing reasons for discounting some of Plaintiff's testimony. Defendant does not dispute that such an error requires reversal; accordingly, the Court reverses. *See* Dkt. 17; *Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024) ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment . . . .").

**B.     Remaining Issues**

Plaintiff also challenges the ALJ's assessment of several medical opinions and lay witness statements, as well as the RFC formulation and his finding that Plaintiff's past relevant work was substantial gainful activity. *See* Dkt. 15. Because the Court has concluded this matter

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

must be reversed, the Court declines to consider these arguments and, instead, directs that the ALJ reassess the medical evidence on remand and, if appropriate, reassess the RFC and his step four and five findings.

Plaintiff contends the case should be remanded for an award of benefits. However, given that her testimony suggests her conditions worsened after an accident she had in 2018 (*see* AR 577), there remain ambiguities about the proper onset date which preclude such a remedy. *See Dominguez v. Colvin*, 808 F.3d 403, 409–10 (9th Cir. 2015), *as amended* (Feb. 5, 2016) ("In light of the inconsistencies, conflicts, and gaps in the record that require further administrative proceedings, we do not proceed to the next question, whether the ALJ would be required to find Dominguez disabled if Dr. Bhakta's inconsistent reports were credited as true.").

## IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 28th day of October, 2024.

David W. Christel
United States Magistrate Judge